IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DEBBIE HUMPHRIES,
   Plaintiff,

vs.              4:05cv356/MMP/MD

WARDEN M.L. RIVERA, et al.
   Defendants.

---

REPORT AND RECOMMENDATION

   Plaintiff has submitted her initial partial filing fee, and this cause is before the court upon her civil rights complaint filed pursuant to Title 28 U.S.C. §1331 or 1346. Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.,* 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground may be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Id.* at 327, 109 S.Ct. at 1833; *Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Williams v. Secretary for Department of Corrections,* 2005 WL

1130351 (11th Cir. 2005) (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle her to relief. *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997). "A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (citation omitted). Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff was incarcerated at Federal Correctional Institution, Tallahassee at the time the events giving rise to this complaint took place. Named as defendants in this action are Warden M.L. Rivera, Assistant Warden R.L. Gregg, Unit Counselor G.D. Brown, Unit Manager James Burdette, Case Manager B. Hernandez, paramedic Mitchell, P.A. Blanco, and "any unknown participants." The crux of plaintiff's complaint, as set forth in the attached administrative grievances, is plaintiff's belief that there should be an intercom system available in the inmates' cells, so that they may summons officers without having to yell or bang on the doors of their cells.

With respect to her administrative grievances, plaintiff states that she submitted an informal grievance, which she has attached to the complaint. She further states that her formal grievance, or BP-9, was submitted to her Unit Manager on July 14, 2005, and on September 2, 2005 she was notified by Counselor Brown that he was not going to submit the BP-9 to the warden. Brown apparently had a change of heart and submitted the form on or about September 7, 2005, when it was denied as untimely filed.

In her informal grievance, plaintiff stated her concern over the fact that inmates had no way to summons officers for assistance in the event of a medical emergency or some other issue.  The response/resolution indicated that policy was for officers to conduct rounds at 30 minute intervals, and that such an intercom system would be prohibitively expensive.  Although plaintiff mentioned in her informal grievance that she woke up on the floor on May 6, 2005, she appeared to do this only by way of example of the potential usefulness of such an intercom, because she did not allege any mistreatment or ill effects with respect to the incident.

The only other grievance appended to the complaint is a request for administrative remedy in which plaintiff notes that she did not receive timely responses to her first 8 ½'s (presumably informal grievances), so she was "proceeding to the next step."  She again indicated that she was concerned for her health and safety because there were no intercom buzzers, and although she noted the incident of May 5, 2005 (sic), she again did not allege any adverse effects or treatment after that incident.  No response is included on the form itself, but it appears that this may be the grievance that plaintiff alleges was denied as untimely, because it was not received within twenty days of the events complained of.[1]  Plaintiff did not challenge the finding of untimeliness by seeking additional administrative review.[2]

The allegations contained in plaintiff's complaint far exceed those in the attached grievances. Plaintiff appears to complain about Paramedic Mitchell's treatment of her after the May 6, 2005 incident, as well as in August of 2005, when she also passed out and "came to" on the floor.  PA Blanco is alleged to have mistreated plaintiff after the August

---

[1] The fact that this grievance was denied as untimely is somewhat confusing to the court, as a fair reading of the grievance suggests that plaintiff's concern is over the lack of intercom systems in general and in the future, not that she claims damages because there was no intercom system on the date when she fell.

[2] The Bureau of Prisons provides a four-level administrative grievance procedure for prisoner complaints. 28 C.F.R. § 542.10-542.16. Initially, prisoners must seek resolution of issues through informal grievances. *Id.* at § 542.13(a). If unsuccessful, an inmate may then file a formal written complaint with the institution. *Id.* at § 543.13(b). An appeal may then be taken to the Regional Director. *Id.* at § 542.15. Finally, an inmate may appeal the Regional Director's response to the General Counsel for the BOP. *Id.* Each of these steps is generally required to satisfy the exhaustion prerequisite.

incident as well. Plaintiff has not included with her complaint proof that she administratively grieved these issues, and absent such proof of administrative exhaustion, her allegations against these defendants are subject to dismissal.

Plaintiff alleges that she gave her 8 ½ and BP-9 forms to defendant Burdette to give to defendant Brown, and from her allegations it would appear that he did so.  Therefore, there does not appear to be any basis for a complaint against defendant Burdette, and her allegations against him should be dismissed. Likewise, defendant Hernandez appears only to have cooperated with the plaintiff in delivering BP-9 forms to her, so there is no basis for a constitutional claim against her.

There are no allegations in the complaint against Warden Rivera or Assistant Warden Gregg.  It is not clear whether plaintiff wishes to hold them directly responsible for the lack of intercom system, and even if so, she cannot show that the failure to have such a system evidences deliberate indifference to her constitutional rights.  Claims challenging conditions of confinement under the Eighth Amendment must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety.  *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981); *see also Hamm v. DeKalb County*, 774 F.2d 1567, 1571-72 (11th Cir. 1985), *cert. denied*, 475 U.S. 1096, 106 S.Ct. 1492, 89 L.Ed.2d 894 (1986).  As the Supreme Court stated in *Rhodes*, "the Constitution does not mandate comfortable prisons, and prisons ... which house persons convicted of serious crimes, can not be free of discomfort." *Id.* at 349, 101 S.Ct. at 2400.  Moreover, "[t]o the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347, 101 S.Ct. at 2399.  Cruel and unusual punishment, consists only of a level of punishment that involves "the unnecessary and wanton infliction of pain." *Hope v. Pelzer*, 122 S.Ct. 2508, 2514 (2002) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)); *Campbell v. Sikes*, 169 F.3d 1353 (11th Cir. 1999).  Such intercom systems are not the norm in federal or any other prisons.  And, under the facts alleged in this case, the failure

to have intercom systems in individual inmate cells, or even in plaintiff's cell, does not rise to the level of a constitutional violation.

Finally, her allegations against defendant Brown are that he told her the intercom system was too expensive, and that he delayed turning in her BP-9 form to the warden such that it was denied as untimely. Even if this would give rise to a constitutional claim, plaintiff has not submitted proof that she exhausted her administrative remedies against this defendant for his actions in "holding" her BP-9 before turning it in. Furthermore, it does not appear that Mr. Brown would have final authority over such the decision to install such a system.

In sum, plaintiff's complaint about the lack of intercom system has not been properly exhausted against any defendant, and even if it had, she has not stated a constitutional claim.

Accordingly, it is respectfully RECOMMENDED:

That the plaintiff's case be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and for plaintiff's failure to exhaust her administrative remedies.

At Pensacola, Florida, this 22nd day of December, 2005.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 4:05cv356/MMP/MD*